NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1883.

MURRAY v. VANDERPOEL.

*In the matter of the estate of* OLIVER CHARLICK, *deceased.*

Executors of the will of a deceased executor, who are, in their representative capacity, parties interested in the first decedent's estate, and, as such, petition for a judicial settlement of the account of the surviving executors of the will of the first decedent, cannot be compelled, at the instance of respondents, to account, in the same proceedings, for the doings of their own decedent, as a co-executor with respondents.

OLIVER CHARLICK, by his will, appointed his widow, Jane M., executrix, and respondents executors thereof, and set apart one third of his estate for the use of his said widow for life, with power to her to dispose of the principal by her will. She, dying, exercised this power by giving such principal to her executrices, Jane A.

Murray and another, the petitioners in this proceeding, in trust.

Said petitioners alleged that they, as such executrices, were legatees under the will of Oliver, and prayed that the respondents, A. J. Vanderpoel, and another, sole surviving executors of the latter will, render and procure a judicial settlement of their account. Whereupon those executors interposed answers alleging that Jane M. Charlick, lately a co-executrix with them, took a large and important part in the administration of Oliver's estate, and that a proper accounting and settlement could not be had without an accounting of the proceedings of Jane as such executrix, and praying for citations to petitioners to appear and account in the same proceedings; which citations were issued.

RICHARDS & BROWN, *for petitioners.*

A. H. VANDERPOEL, and R. S. GREER, *for respondents.*

THE SURROGATE.—The answer of Oliver Charlick's surviving executors, to the application of the petitioners herein for an accounting, and the citation issued in accordance with the prayer of that answer, furnish no ground for denying such application, or for requiring these petitioners to file an account of the proceedings of their testatrix, as executrix of this decedent. It is evident that the answer in question has been interposed, and the citation issued, upon the notion that the executrices of the deceased executrix could themselves be compelled to account in this proceeding. Such is not the case. These respondents may institute a separate proceeding against them for the purpose of requiring

them to account for such property of the original testator as has come to their hands from their testatrix (Code Civ. Pro., § *2606;* LeCount v. LeCount, *1 Demarest, 29*), or an accounting may be enforced in the estate of Jane M. Charlick, against her executrices, for establishing any liability of her estate to the estate of Oliver Charlick by reason of her administration of her trust as his executrix (Maze v. Brown, *ante, 217*).

But the citation complained of by these petitioners must be quashed.